**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **Iva Neppl,** | Case No. 4:19-cv-387-JAJ-HCA |
| Plaintiff, | |
| v. | **Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage's Answer to Plaintiff's Petition and Jury Demand** |
| **Wells Fargo Bank, National Association, d/b/a Wells Fargo Home Mortgage, and Anita Vanlo,** | |
| Defendants. | |

Defendant Wells Fargo Bank, National Association,[1] for its Answer and Defenses to Plaintiff's Petition at Law and Jury Demand ("Petition"), denies each allegation, claim, and thing set forth in the Petition except as hereafter expressly admitted, qualified, or explained.

**Venue and Jurisdiction**

1. Defendant admits Plaintiff applied for a position of employment with Defendant in Des Moines, Polk County, Iowa. Defendant denies any of Defendant's or Anita Vanlo's actions related to that employment application were unlawful and denies any remaining allegations in Paragraph 1 of the Petition.

2. Defendant admits the allegations in Paragraph 2 of the Petition.

**Parties**

3. Defendant lacks information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 3 of the Petition and therefore denies them.

---

[1] "Wells Fargo Home Mortgage" is neither a legal entity nor a "d/b/a" of Wells Fargo Bank, N.A. Rather, it is a division of Wells Fargo Bank, N.A., which is the entity that employed Plaintiffs.

1

4. Defendant admits it is authorized to do business in the state of Iowa. Defendant denies the remaining allegations in Paragraph 4 of the Petition.

5. Defendant admits Anita Vanlo is a citizen and resident of Polk County, Iowa and is an employee of Wells Fargo with managerial and supervisory responsibilities. Defendant denies the remaining allegations in Paragraph 5 of the Petition.

**Conditions Precedent**

6. Defendant admits Plaintiff filed an administrative complaint with the Iowa Civil Rights Commission, which was cross-filed with the Equal Employment Opportunity Commission, and states that document speaks for itself. Wells Fargo denies the allegations in Paragraph 6 of the Petition to the extent Plaintiff seeks to assert claims she did not exhaust in her administrative complaint and denies any remaining allegations in Paragraph 6 of the Petition.

7. Defendant admits the Iowa Civil Rights Commission issued an Administrative Release letter to Plaintiff and states that document speaks for itself. Defendant denies any remaining allegations in Paragraph 7 of the Petition.

8. Paragraph 8 of the Petition contains conclusions of law to which no answer is necessary or provided. To the extent additional response is required, Defendant denies the allegations in Paragraph 8 of the Petition.

**Count I: Retaliation – Failure to Hire**
**The Iowa Civil Rights Act, Iowa Code Chapter 216**

9. Defendant repleads and incorporates by reference Paragraphs 1 through 8 of this Answer as if fully set forth herein.

10. Defendant denies the allegations in Paragraph 10 of the Petition.

11. Defendant admits Plaintiff's employment was terminated as a result of a reduction in force. Defendant denies Paragraph 11 to the extent it implies Defendant's reasons for

terminating Plaintiff's employment were pretextual and denies any remaining allegations in Paragraph 11 of the Petition.

12. Defendant admits the allegations in Paragraph 12 of the Petition.

13. Defendant denies the allegations in Paragraph 13 of the Petition.

14. Defendant denies the allegations in Paragraph 14 of the Petition.

15. Defendant admits the allegations in Paragraph 15 of the Petition.

16. Defendant admits the allegations in Paragraph 16 of the Petition.

17. Defendant admits Vanlo became aware of Neppl's complaint of discrimination with the Iowa Civil Rights Commission and the lawsuit that Neppl filed against Wells Fargo after they were filed. Defendant denies any remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Petition.

19. Defendant admits the allegations in Paragraph 19 of the Petition.

20. Defendant admits the allegations in Paragraph 20 of the Petition.

21. Defendant denies the allegations in Paragraph 21 of the Petition.

22. Defendant denies the allegations in Paragraph 22 of the Petition.

23. Defendant denies the allegations in Paragraph 23 of the Petition.

24. Defendant admits a Wells Fargo Business Initiatives Manager conducted an internal reference check regarding Plaintiff with Plaintiff's most recent manager, Anita Vanlo. Defendant denies the remaining allegations in Paragraph 24 of the Petition.

25. Defendant admits Vanlo provided the Business Initiatives Manager with candid feedback regarding Plaintiff's strengths and weaknesses. Defendant denies the remaining allegations in Paragraph 25 of the Petition.

26. Defendant denies the allegations in Paragraph 26 of the Petition.

27. Defendant denies the allegations in Paragraph 27 of the Petition.

28. Defendant denies the allegations in Paragraph 28 of the Petition.

29. Defendant denies the allegations in Paragraph 29 of the Petition

30. Defendant denies the allegations in Paragraph 30 of the Petition.

## Jury Demand

Defendant admit that Plaintiff's demands a trial by jury with regards to the above-titled matter. Whether Plaintiff is entitled to a jury trial is a legal conclusion as to which no response is required. To the extent further answer is necessary, Defendant specifically object to a jury determination of any equitable issues in this action and any issue, damage, or remedy for which a jury trial is not available by statute or law.

## Defenses

For its affirmative and other defenses to Plaintiff's Petition, Wells Fargo states and alleges as follows.

A. Wells Fargo alleges and by this reference fully incorporates Paragraphs 1 through 30 of this Answer.

B. To the extent Plaintiff's Petition raises issues not timely set forth in her administrative charge or makes allegations against Wells Fargo not set forth in such charges, those claims are barred by Plaintiff's failure to exhaust administrative remedies and/or because they fall outside the applicable statute of limitations.

C. To the extent Plaintiff failed to mitigate her damages, if any, she is barred from recovery and/or any award of damages must be appropriately diminished.

      D.     Wells Fargo would have made the same decisions and taken the same actions with respect to Plaintiff's employment absent any consideration of any alleged impermissible motivating factor.

      E.     Subject to a reasonable opportunity for investigation or discovery, the claims and damages asserted in Plaintiff's Petition are barred, in whole or in part, by the after-acquired evidence doctrine.

      F.     If any illegal acts were taken by any of Wells Fargo's employees, which Wells Fargo denies, the employee(s) acted outside the course of their employment and their actions were not approved by Wells Fargo.

      G.     Plaintiff's own conduct and/or omissions are the cause of her damages, if any.

      H.     Wells Fargo gives notice of its intent to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserved the right to amend its Answer to assert any such defenses.

Wherefore, Wells Fargo respectfully requests that Plaintiff take nothing by way of her Petition or any count thereof, that the Court enter judgment in Wells Fargo's favor, and that the Court award Defendant its costs and all other just and proper relief.

| | |
|---|---|
| Dated:  March 27, 2020. | **Faegre Drinker Biddle & Reath LLP** |
| | /s/ Terran C. Chambers |
| | Michael A. Giudicessi, *Lead Counsel* |
| |   michael.giudicessi@faegredrinker.com |
| | Chanelle K. Han |
| |   chanelle.han@faegredrinker.com |
| | 801 Grand Avenue, 33rd Floor |
| | Des Moines, Iowa 50309-8003 |
| | Telephone: (515) 248-9000 |
| | Facsimile: (515) 248-9010 |
| | |
| | Samantha M. Rollins |
| |   samantha.rollins@faegredrinker.com |
| | Terran C. Chambers* |
| |   terran.chambers@faegredrinker.com |
| | 2200 Wells Fargo Center |
| | 90 S. 7th Street |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612) 766-7000 |
| | Facsimile: (612) 766-1600 |
| | *\* Admitted Pro Hac Vice* |
| | |
| | ***Attorneys for Defendants*** |

**Certificate of Service**

The undersigned certifies that a true copy of the foregoing **Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage's Answer to Plaintiff's Petition and Jury Demand** was served upon counsel of record through the Court's CM/ECF electronic filing system on March 27, 2020.

/s/ Trisha Richey

Copy to:

Melissa C. Hasso
  mhasso@sherinianlaw.com
Mark D. Sherinian
  sherinianlaw@msn.com
Emily E. Wilson
  ewilson@sherinianlaw.com

*Attorneys for Plaintiff*
US.125678378.02